UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-130-KSF

BRENDA K. STEWART                                                                                           PLAINTIFF

v.                                                 **OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                                                          DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Brenda K. Stewart, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claims for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.      **OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

    (1)    If the claimant is currently engaged in substantial gainful activity, she is not disabled.

    (2)    If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)     If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5)     Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Id*. The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial Evidence" is defined as "more than a mere scintilla of evidence but less than a preponderance; it is

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id*. Rather, the Court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the Court might have decided the case differently. *See Her*, 203 F.3d at F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir, 1984).

## II.   THE ADMINISTRATIVE DECISION

In this case, the ALJ conducted a hearing on August 9, 2006, and issued his opinion denying Stewart's application for benefits on September 15, 2006 [TR 288, 26]. At the time of the ALJ's decision, Stewart was 51 years old. Stewart filed for DIB and SSI on May 3, 2005, alleging an onset date of May 9, 2004. [TR 65] Stewart has an eighth grade education and past relevant employment as a janitor and assembler [TR 123, 96]. She alleges disability due to severe arthritis in her shoulders and arms in addition to knee and hip problems [TR 46].

The ALJ began his analysis at step one by determining that Stewart has not engaged in any substantial gainful activity since her alleged onset date of May 9, 2004 [TR 21]. At step two, the ALJ found that Stewart suffers from the severe impairments of degenerative joint disease of the knees and shoulders, carpal tunnel syndrome, hypertension, and moderate obesity [TR 21]. Continuing to the third step, the ALJ determined that these impairments or combinations of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 21].

At the final steps, the ALJ found that, from May 9, 2004 through August 14, 2005, Stewart did not retain the exertional ability to perform even a wide range of sedentary work on a sustained, competitive basis [TR 21]. Reviewing the administrative record and considering Stewart's testimony, the ALJ concluded that, from May 9, 2004 through August 14, 2005, the claimant was unable to perform past relevant work [TR 22]. Furthermore, the ALJ determined that Stewart's acquired job skills did not transfer to other occupations with the RFC assessed for the period from May 9, 2004 through August 14, 2005 [TR 22]. As a result, the ALJ concluded that Stewart was under a disability from May 9, 2004 through August 14, 2005 [TR 22].

Upon further review of the administrative record and Stewart's testimony, however, the ALJ also determined that medical improvement occurred as of August 15, 2005, and concluded that Stewart has had the RFC to perform work at the light exertional level since that date [TR 23-24]. The ALJ presented this RFC and Stewart's vocational profile to a vocational expert ("VE"), who testified that there were a significant number of jobs that Stewart could perform [TR 292-295]. Considering the testimony of the VE, the ALJ found that Stewart has the capacity for light work that exists in a significant number in the economy [TR 25]. Consequently, the ALJ determined that as of August 15, 2005, Stewart was not disabled within the meaning of the Social Security Act [TR 25].

The ALJ's decision that Stewart is no longer disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on March 21, 2008 [TR 6-9]. Stewart has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## III.   ANALYSIS

On appeal, Stewart indicates that the ALJ's decision was not based on substantial evidence, nor decided by the proper legal standards, and that her disability has, in fact, continued since

August 15, 2005. Stewart's memorandum in support of her motion to dismiss, however, merely summarizes the sequential evaluation process for determining disability and only contains conclusory statements that the evidence in the record supports her argument. Stewart has made no specific reference to any particular testimony or statement in the record to support the general claim. It is the responsibility of a plaintiff, not the court, to formulate arguments and to support such arguments with evidence that is set forth in the record. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). The court is under no affirmative obligation to scour the record in search of evidence that will support a plaintiff's suggested arguments. *Id*. However, it is appropriate to acknowledge that even if Stewart had attempted to support her basic claim with clear arguments citing specific evidence contained in the record, the decision of the ALJ must still be affirmed for the following reasons.

 First, the ALJ properly considered the opinion of Dr. Patrice Beliveau, one of Stewart's treating physicians. Dr. Beliveau performed the two separate operations to repair the rotator cuff in Stewart's right and left shoulders [TR 151, 149]. Generally, the ALJ should give controlling weight to a disability opinion by a treating physician if it is well-supported by clinical and laboratory findings and is consistent with other evidence. The ALJ may consider the length and nature of the treating relationship, the supportability of the opinion, consistency, specialization, and any other factors that may be appropriate. *See* 20 C.F.R. § 416.927(d)(2)(2007). The supportability of the opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. *See* 20 C.F.R. § 416.927(d)(3)(2007); *see also Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711-712 (6th Cir. 1988).

Even if Stewart argued that the ALJ failed to give appropriate weight to Dr. Beliveau's opinions regarding her progress, such a claim is not substantiated by the facts in the record. On May 11, 2004, Stewart underwent surgery to repair the rotator cuff in her left shoulder [TR 151], and on January 18, 2005, Stewart had a similar surgery performed to repair the rotator cuff in her right shoulder [TR 149]. Dr. Beliveau regularly assessed Stewart's recovery after both surgeries. Although Dr. Beliveau initially recommended that Stewart not work during her recovery [TR 158,159, 161, 166, 167], in a letter dated May 31, 2005, Dr. Beliveau indicated that while Stewart would not be able to do overhead work, nor any heavy lifting greater than 25-30 lbs., she might be capable of performing a job that did not require her to "stand, stoop, squat, bend, or crawl," and suggested that Stewart would be able to perform "seated work at a bench in front of her with small parts, etc." [TR 157]. Despite any arguments Stewart could have made to the contrary, it was entirely proper for the ALJ to consider Dr. Beliveau's letter indicating the claimant's ability to perform light work and to accord significant weight to the same. Furthermore, Dr. Beliveau's assessment of May 31, 2005, was consistent with her monitoring of Stewart's gradual progress [149-173] and was confirmed by two state agency medical consultants [TR 198-199, 223].

The assessments of the two state agency medical consultants, Drs. Rawlings and Dawson, serve as another reason that the ALJ's decision must be affirmed. These consultants are highly qualified physicians who are experts in disability evaluation, and despite any argument that could have been raised by Stewart, the ALJ is required to consider their opinions. *See* C.F.R. § 416.927(f)(2)(I). The first consultant, Dr. John T. Rawlings, reviewed all of Stewart's medical records prior to August 15, 2005, and concluded that she has limited ability to lift heavy equipment, cannot use her arms more than one to two minutes at a time for overhead lifting, cannot stand longer

than thirty minutes, and should not be exposed to vibratory hand tools [TR 199, 198]. In addition to his indication that Stewart could perform some light work, Dr. Rawlings also concluded that Stewart's complaint that she cannot sit for long periods is not credible [TR 199]. The second consultant, Dr. M. Allen Dawson, reviewed and concurred with Dr. Rawlings' opinion on September 26, 2005 [TR 223]. Drs. Rawlings and Dawson were able to review the conclusions of Stewart's treating physician as to her condition including those conclusions found in Dr. Beliveau's letter of May 31, 2005 [TR 200]. The ALJ cited the conclusions of Drs. Rawlings and Dawson in his finding that, as of August 15, 2005, medical improvement occurred as to Stewart which ended her disability and made her capable of performing a range of light work [TR 23]. An ALJ is required to consider the assessments of state agency medical consultants and, consequently, it was proper for the ALJ to accord significant weight to the conclusions of Dr. Rawlings and Dr. Dawson despite any contrary arguments that Stewart could have raised.

A third reason the ALJ's decision should be affirmed is that, based on the substantial evidence, the ALJ properly discounted the opinions of the nurse practitioners who treated Stewart. The claimant was treated at Parkway Medical Clinic in Manchester, Ky., from September 2003 through January 2005 by Dr. Suzanne Dansereau and Edna E. Stewart, ARNP [TR 24; 237-265]. She was also treated at least once in April 2006 at the Kate Ireland Healthcare Center in Manchester, Ky., by an undetermined nurse practitioner [TR 24, 267]. While the ALJ considered the assessments of Stewart made by the nurse practitioners at Parkway Medical Clinic and the Kate Ireland Healthcare Center, he properly gave no weight to these assessments for two reasons articulated in the ALJ's decision [TR 24] which Stewart cannot rebut. First, the assessments were not based on recent medical treatment. By April 27, 2006, Stewart had not been treated at the Parkway Medical

Clinic for more than 15 months and had no history of prior treatment at the Kate Ireland Healthcare Center [TR 237-265, 267]. Second, nurse practitioners are not recognized as acceptable medical source under Social Security Regulations. *See* 20 C.F.R. 404.1527(a)(2)&(b), 416.927(a)(2) & (b) and SSR 96-2p. As a result, while the ALJ must consider the assessments of Stewart by the nurse practitioners, it was proper for him to accord no weight to these assessments.

A fourth reason to affirm the ALJ's decision is that, based on substantial evidence, the ALJ properly discounted Stewart's subjective complaints of disabling pain. An ALJ can only accept a claimant's subjective complaints to the extent that they can reasonably be accepted as consistent with medical and other evidence. *See* 20 C.F.R. § 404.1529(a). Even if Stewart had argued that the ALJ failed to accord sufficient weight to her allegations of disabling pain, the record indicates the opposite. In this case, the ALJ properly discounted Stewart's subjective allegations because they are inconsistent with the medical and other evidence which demonstrates that as of August 15, 2005, the claimant's condition improved to the extent that she was able to perform some light work [TR 199]. As of June 2005, some of Stewart's regular activities included visiting with her sister, preparing simple meals for herself, attending church services with her mother once or twice per month, and frequently viewing television for short periods of time [TR 199, 108-116].

Finally, the ALJ's decision should be affirmed because the substantial evidence supports the limitations contained in both the ALJ's finding of RFC and his hypothetical to the VE. As a general matter, the court must affirm decisions of an ALJ that are based on substantial evidence, despite any disagreement that the court might have with the ALJ's factual findings. *See Cornette v. Secretary of Health and Human Services*, 869 F.2d 260, 263 (6th Cir. 1988). The ALJ's finding of RFC [TR 25] was supported by substantial evidence present in the record, including the assessments of Drs.

Beliveau, Rawlings, and Dawson [TR 157, 200, 223], in addition to descriptions of Stewart's regular activities by the claimant's sister, Teresa Campbell [TR 108-116]. Even if Stewart had pointed to substantial evidence in the record indicating that the ALJ failed to incorporate the appropriate functional limitations arising from her impairments into his RFC finding, such evidence alone would be insufficient to reverse the ALJ's decision. So long as the ALJ's finding of RFC was based on substantial evidence contained in the record, the finding must be affirmed.

The contents of the hypothetical question posed to the VE by the ALJ was also supported by substantial evidence. Appropriate hypothetical questions are those that, based on the substantial evidence, fairly take into account a plaintiff's limitations. *See Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In his testimony, the VE indicated in answer to the ALJ's hypothetical that a significant number of jobs existed in the national economy that Stewart would be able to perform, including interviewer and parking lot attendant [TR 292-294]. These occupations are consistent with Stewart's limitations detailed in both the ALJ's hypothetical question to the VE [TR 293-294] and the assessments of Drs. Beliveau and Rawlings [TR 157; 198-200]. Accordingly, despite any contrary evidence that Stewart could identify, the hypothetical posed to the VE fairly included the claimant's impairments as set forth in the medical and other evidence, and the ALJ appropriately considered the VE's testimony along with the Medical Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app, 2., to find that Stewart was no longer disabled beginning on August 15, 2005.

## IV.     CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2)   the defendant's motion for summary judgment [DE #11] is **GRANTED**;

(3)   the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4)   a judgment will be entered contemporaneously with this Opinion and Order.

This July 28, 2009.

Signed By:

<u>Karl S. Forester</u>   *KSF*

**United States Senior Judge**